[Cite as *State v. Bair*, 2020-Ohio-4761.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF DOVER | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2019 AP 12 0047 |
| CHRISTOPHER BAIR | |
| Defendant-Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:     Appeal from the New Philadelphia
                              Municipal Court, Case No. CRB 1900702


JUDGMENT:                     Reversed and Remanded

DATE OF JUDGMENT ENTRY:       September 30, 2020


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant

LACEE K. FELIX                        CHRISTOPHER DELISIO
City of Dover Prosecutor              Tuscarawas County Public Defender
339 Oxford Street                     153 North Broadway
Dover, Ohio  44622                    New Philadelphia, Ohio  44663

*Hoffman, P.J.*

{¶1}   Appellant Christopher Bair appeals the judgment entered by the New Philadelphia Municipal Court convicting him of criminal trespass (R.C. 2911.21(A)(2)) following his plea of no contest and sentencing him to 30 days incarceration, with all days suspended, and 24 months of community control.  Appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On May 31, 2019, Appellant entered the premises of First Federal Bank in Dover, Ohio, where he had previously been issued an order not to trespass.  Although Appellant was no longer on the premises when police officers arrived, a photograph from video surveillance showed Appellant present on the bank's property.

{¶3}   Appellant was charged on June 11, 2019, by complaint filed in the New Philadelphia Municipal Court, with one count of criminal trespass, a misdemeanor of the fourth degree.  He was arrested on July 22, 2019, and released on bond the next day.

{¶4}   A bench trial was set for August 14, 2019.  Appellant failed to appear for pretrial services on July 30, 2019, and a warrant was issued for his arrest.  Appellant was arrested on August 13, 2019, and appeared before the court on the same day.  The trial court continued the bench trial set for the next day based on his mental condition, Appellant was "pink slipped" and held in jail awaiting a bed in a mental health hospital.

{¶5}    Based on his plea of not guilty by reason of insanity, on August 27, 2019, the court ordered Appellant to be examined by the Forensic Diagnostic Center of District Nine for both his competence to stand trial and his mental condition at the time of the offense.  By letter received on September 9, 2019, the court was informed Appellant refused to cooperate with his evaluations at the Tuscarawas County Jail.  The trial court

ordered Appellant remanded to Heartland Behavioral Healthcare for evaluation as soon as a bed became available.

{¶6} After evaluation at Heartland, Appellant was found to be competent to stand trial. At a competency hearing on October 21, 2019, Appellant expressed his desire to withdraw his plea of not guilty by reason of insanity and enter a plea of no contest. The trial court did not feel comfortable accepting a change in plea at that time due to her ongoing concerns about Appellant's mental condition, and took the matter under advisement. Counsel for Appellant objected on the basis Appellant had already been in custody longer than the maximum sentence for a fourth degree misdemeanor of thirty days.

{¶7} Appellant appeared before the court again on October 25, 2019, for a change of plea hearing. At the hearing, counsel represented to the court, against the wishes of his client, he did not wish to withdraw the plea of guilty by reason of insanity. The trial court ordered Appellant back to Heartland Behavioral Health for a sanity evaluation.

{¶8} The case proceeded to a change in plea hearing on November 26, 2019. The results of the sanity evaluation demonstrated Appellant was not experiencing any debilitating symptoms of mental disease at the time of the incident. He changed his plea from not guilty by reason of insanity to no contest, and was convicted as charged. The court sentenced him to thirty days incarceration with all days suspended. He was placed on community control for 24 months, ordered to complete a mental illness assessment at Community Mental Health, and ordered to take medications as prescribed.

**{¶9}** It is from the November 26, 2019 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:


THE TRIAL COURT ERRED IN NOT AWARDING CREDIT FOR TIME PREVIOUSLY SERVED BY MR. BAIR WHILE AWAITING TRIAL.


**{¶10}** The parties agree Appellant served 72 days in confinement while awaiting trial. R.C. 2949.08 provides in pertinent part:


(A) When a person who is convicted of or pleads guilty to a felony is sentenced to a community residential sanction in a community-based correctional facility pursuant to section 2929.16 of the Revised Code or when a person who is convicted of or pleads guilty to a felony or a misdemeanor is sentenced to a term of imprisonment in a jail, the judge or magistrate shall order the person into the custody of the sheriff or constable, and the sheriff or constable shall deliver the person with the record of the person's conviction to the jailer, administrator, or keeper, in whose custody the person shall remain until the term of imprisonment expires or the person is otherwise legally discharged.

(B) The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper under this section. The

record shall be used to determine any reduction of sentence under division (C) of this section.

(C)(1) If the person is sentenced to a jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody pursuant to division (A) of this section by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the person's competence to stand trial or to determine sanity, confinement while awaiting transportation to the place where the person is to serve the sentence, and confinement in a juvenile facility.

{¶11} The State concedes the trial court's judgment of conviction and sentence failed to give Appellant credit for time served in accordance with this section. The assignment of error is sustained.

**{¶12}**  The judgment of sentence entered by the New Philadelphia Municipal Court is reversed, and this case is remanded to that court for further proceedings according to law, consistent with this opinion.


By: Hoffman, P.J.

Gwin, J.  and

Delaney, J. concur